## BRINDLE v. FARRAR LUMBER COMPANY.

1. There being no evidence of possession of the land in dispute by the plaintiff company or by its predecessors in title, and the evidence not showing that the plaintiff and the defendant claimed under a common grantor, it was error to charge the jury that where both parties claim under a common grantor it is not necessary to show title back of such common grantor,

2, 3. The other exceptions to the charge of the court show no error requiring a new trial.

No. 6348. APRIL 12, 1928.

Equitable petition. Before Judge Pittman. Murray superior court. October 31, 1927.

*H. H. Anderson,* for plaintiff in error.

*William E. & Gordon Mann,* contra.

GILBERT, J. Farrar Lumber Company brought suit against Paul Brindle, seeking to enjoin the cutting of timber on described lands, and to recover damages for timber already cut. The defendant denied the material allegations of the petition. Both parties claimed title to the timber. On the final hearing the jury returned a verdict in favor of plaintiff for $608 damages. The injunction feature of the case had been eliminated by the defendant furnishing a bond. The defendant filed a motion for new trial on the general grounds, subsequently amending the same with several special grounds. He excepted to the overruling of the motion.

1. Movant complains that the court charged the jury as follows: "A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title. But where both parties claim under a common grantor, it is not necessary to show title back of such common grantor." The criticism is that the charge was inapplicable, because "both parties do not claim under common grantors." There being no evidence of possession by plaintiff or by plaintiff's predecessors in title, and the evidence failing to show that plaintiff and defendant claim under a common grantor, this charge was error requiring the grant of a new trial.

2. Error is also assigned upon the following charge: "I charge you that where one makes a voluntary conveyance of land, and subsequently for a valuable consideration conveys the same lands to another who knows the grantor has previously made the voluntary conveyance, and the grantee in the latter deed sells and conveys the lands to another person who had no notice, such last grantee shall be protected against the voluntary deed." The criticism is that the charge was inapplicable, because "the contract made by Mary Ann Brindle heirs, dated March 10, 1897, shows the deed to have been for a valuable consideration." The court, in immediate connection with the excerpt quoted, submitted to the

jury the question whether the deed was voluntary or based upon a valuable consideration; and therefore this charge was not erroneous.

3.  Movant further complained that the court failed to charge the jury that a deed relied on by plaintiff was a voluntary one, because the consideration was $1 and love and affection. The court instructed the jury on the law of voluntary deeds; and if a fuller charge on the subject was desired, a timely written request therefor should have been made.

*Judgment reversed.  All the Justices concur.*